```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
BRIAN NG,                                                   :
                                                            :
                           Plaintiff,                       :
                                                            :           25-CV-806 (VSB)
              -against-                                     :
                                                            :                ORDER
                                                            :
AMGUARD INSURANCE COMPANY, et                               :
al.,                                                        :
                                                            :
                                                            :
                           Defendants.                      :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On January 28, 2025, pro se Plaintiff Brian Ng commenced this action by filing a Complaint against Defendants Amguard Insurance Company ("Amguard"), North American Risk Services, Inc. ("NARS"), and Eberl Claims Services LLC ("Eberl"). (Doc. 1 ("Compl.").) Plaintiff's Complaint indicates that this Court has diversity-of-citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332. (*Id.* ¶ 7.) As the Complaint fails to allege the citizenship of Defendants, it does not establish that this court has jurisdiction over the action, and the Complaint is therefore DISMISSED without prejudice and with leave to replead.

Diversity of citizenship exists where an action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The Complaint alleges that Plaintiff is a citizen of New York. (Compl. ¶ 1.) The Complaint identifies Defendant Amguard as a company authorized to do business in New York with its principal place of business in Pennsylvania, Defendant NARS as a corporation licensed to do business in New York with its principal place of business in Florida, and Defendant Eberl as a company licensed to do business in New York with its principal place of business in Colorado. (*Id.* ¶¶ 4–6.)

1

The Complaint identifies all three Defendants as companies "licensed" or "authorized" to do business in New York, but it is unclear whether this means that the companies are citizens of New York. If any of the three Defendants is a citizen of New York, no diversity jurisdiction exists because Plaintiff is also a citizen of New York, and therefore there could not be complete diversity between Plaintiff and all Defendants. *See* 28 U.S.C. § 1332(a).

To establish that this court has diversity jurisdiction over this action, Plaintiff must adequately allege the citizenship of each Defendant. As to Defendant NARS, Plaintiff identifies that its principal place of business is in Florida, but it must also list any state in which NARS is incorporated. *See ConnTech Dev. Co. v. Univ. of Connecticut Educ. Properties, Inc.*, 102 F.3d 677, 681 (2d Cir. 1996) ("A corporation is considered 'a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" (quoting 28 U.S.C. § 1332(c)(1))). Defendant Eberl is an LLC. As an LLC is a citizen of every state of which its members are citizens, the Complaint must plead the citizenship of each of Defendant's constituent members. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000); *Dumann Realty, LLC v. Faust*, No. 09-CV-7651, 2013 WL 30672, at *2 (S.D.N.Y. Jan. 3, 2013) (recognizing that an LLC "is completely diverse from opposing parties only if *all* of the members of the LLC are citizens of different states than *all* opposing parties"). Lastly, the Complaint does not identify what kind of business entity Amguard is, which determines how to allege its citizenship. Nonetheless, the rule of thumb for an unincorporated artificial entity is that it takes on the citizenship of each of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96 (1990).

When a complaint fails to plead subject-matter jurisdiction, courts are obligated to dismiss it sua sponte. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it

2

lacks subject-matter jurisdiction, the court must dismiss the action."); *cf.*, *Bodhi Bldg. v. Elmsford Chicken, LLC*, No. 21-CV-919, 2021 WL 466009, at *3 (S.D.N.Y. Feb. 9, 2021) (dismissing action for failure to allege citizenship of each member of limited liability company); *Laufer Wind Grp. LLC v. DMT Holdings LLC*, No. 10-CV-8716, 2010 WL 5174953 (S.D.N.Y. Dec. 20, 2010) (same).

Accordingly, Plaintiff's Complaint, (Doc. 1), is DISMISSED without prejudice and with leave to replead. Defendant Amguard's motion to dismiss, (Doc. 11), and Plaintiff's motion to compel, (Doc. 15), are hereby dismissed as MOOT.

Plaintiff has thirty days to file an Amended Complaint that properly asserts subject-matter jurisdiction. If Plaintiff fails to submit an Amended Complaint within that time frame, the Clerk of the Court is directed to terminate this action. The Clerk of Court is respectfully directed to mail a copy of this Order to pro se Plaintiff.

SO ORDERED.

Dated: March 13, 2025
       New York, New York

Vernon S. Broderick
United States District Judge