# MEMO ENDORSED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                Case: 1:25-cv-00806(VSB)(GS)

---------------------------------------------------------------x

BRIAN NG                                     **LETTER MOTION**
              Plaintiffs,      **SEEKING THE COURT TO**
                                             **IMPOSE APPROPRIATE SANCTIONS**
        -against-                  **FOR FAILURE TO COMPLY WITH**
                                             **COURT ORDER DATED JUNE 3, 2025**

AmGUARD INSURANCE COMPANY;
NORTH AMERICAN RISK SERVICES, INC;
EBERL CLAIMS SERVICES LLC.
              Defendants.

---------------------------------------------------------------x

To: Honorable Vernon S. Broderick, or To: Honorable Gary Stein,


Dear Honorable Judges:

I am Brian Ng, (Plaintiff, Pro Se) in this case, currently pending before this Honorable Court. On May 28, 2025, I respectfully filed a motion that was seeking compliance with Local Civil Rules and Federal Civil Rules of Procedures. With respect to Fed. R. Civ. P. 7.1, the Court agreed that, Defendant, North American Risk Services, Inc., (NARS') Fed. R. Civ. P. 7.1 corporate disclosure statement is insufficient, and that NARS has failed to provide the citizenship of the members of Tricendent Risk Holdings, LLC.

On June 3, 2025, this Honorable Court issued an Order and directed NARS to correct its 7.1 statements by "naming and identifying the citizenship of every individual or entity whose citizenship is attributed to that party or intervenor" including LLC members. This Honorable Court further Ordered, that, NARS' corrected corporate disclosure statement is due no later than Friday, June 6, 2025.

1

On June 5, 2025, NARS' defense counsel sent me a copy of NARS' "Rule 7.1 Amended Corporate Disclosure" (Dkt#52) via U.S.P.S. mail. I received a copy of NARS' "Rule 7.1 Amended Corporate Disclosure" document today.

NARS' "Rule 7.1 Amended Corporate Disclosure" in separate part, had specifically stated: "***PART I** North American Risk Services, Inc. is 100% owned by Tricendent Risk Holdings, LLC., a Delaware limited liability company. No publicly held corporation currently owns 10% or more of North American Risk Services, Inc. or Tricendent Risk Holdings, LLC.*", "***PART II** North American Risk Services, Inc. is a Delaware Corporation with its principal place of business located in Lake Mary, Florida. The members of Tricendent Risk Holdings, LLC., Robert Runyk and Jamie Bernardo, are citizens of the State of Florida.*".

I respectfully now moves this Honorable Court, seeking the Court to impose appropriate sanctions against Defendant, North American Risk Services, Inc., and other(s) if applicable, for failure to comply with this Court Order dated on June 3, 2025. The sanctions should include, as may be reasonable and just: (1) Monetary Penalties, and/or (2) Striking NARS answer, and/or (3) Finding Defendant NARS in Contempt.

Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and this Court's inherent authority to confirm its subject-matter jurisdiction, I respectfully submits this letter motion as a result of Defendant North American Risk Services, Inc. ("NARS") failure to comply with the Court Order dated on June 3, 2025, directing NARS to correct, complete, and file an accurate Rule 7.1 Corporate Disclosure Statement. NARS's current disclosure, filed on June 5, 2025, (Dkt 52) is critically insufficient and deficient. It fails to provide the Court with the necessary information to verify the existence of diversity jurisdiction under 28 U.S.C. § 1332 and obscures a complex corporate structure that Rule 7.1 is expressly designed to illuminate.

2

**Background and NARS's Deficient Disclosures**

This action is predicated on diversity of citizenship. Rule 7.1(a)(1) requires a nongovernmental corporate party to file a disclosure statement that "identify any parent corporation and any publicly held corporation owning 10% or more of its stock." For actions in this District based on diversity jurisdiction, Local Civil Rule 7.1 requires that the statement also name and identify the citizenship of every individual and entity whose citizenship is attributed to the party. The instructions for the court-approved form are clear: for an LLC, the citizenship of **each member** must be disclosed. The burden to establish federal jurisdiction rests squarely on the party asserting it.

In its Rule 7.1 Disclosure, NARS stated, in relevant part, that:

1. "North American Risk Services, Inc. (NARS) is 100% owned by Tricendent Risk Holding, LLC., a Delaware limited liability company."
2. The members of Tricendent Risk Holdings, LLC ("Tricendent") are "Robert Runyk and Jamie Bernardo, are citizens of the State of Florida."
3. "No publicly held corporation currently owns 10% or more of North American Risk Services, Inc. (NARS) or Tricendent Risk Holdings, LLC."

Diligent research into publicly available records reveals that these statements are, at best, incomplete and, at worst, inaccurate. The information provided by NARS conceals critical facts regarding its ultimate ownership and control, raising serious questions about whether complete diversity of citizenship actually exists.

3

## Argument

NARS's disclosure is deficient for at least three dispositive reasons.

### 1. The Disclosure Appears to Misidentify Key Members of its Parent LLC.

NARS identifies a "Robert Runyk" and a "Jamie Bernardo" as the only members of Tricendent. However, official records from the Florida Division of Corporations (Sunbiz.org) for Tricendent Risk Holdings, LLC (Document Number L22000212002) do not list anyone by that name. Instead, they explicitly identify **"Robert Ruryk"** and **"James M Bernardo"** as the authorized members ("MBR").

- **Supporting Evidence:** A true and correct copy of the Tricendent Risk Holdings, LLC detail from Sunbiz.org can be accessed here: https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=TRICENDENTRISKHOLDING%20L220002120020&aggregateId=flal-l22000212002-3c2807e1-88c9-4cf5-ab01-4dd9b8cd4e99&searchTerm=Tricendent%20Risk%20Holding%2C%20LLC&listNameOrder=TRICENDENTRISKHOLDING%20L220002120020

This discrepancy is not a minor typographical error; it goes to the core of the jurisdictional inquiry. The Court must know the true identity and citizenship of every member of Tricendent. NARS's failure to correctly identify Mr. Ruryk, and James M Bernardo as central figures in its corporate lineage, casts serious doubt on the overall reliability of its disclosure.

## 2. The Disclosure Fails to Identify All Members and Affiliates of Tricendent, Its Parent Company.

For diversity jurisdiction purposes, an LLC is a citizen of every state in which its members are citizens. NARS's conclusory statement that only two individuals are members of Tricendent is questionable given the web of related entities managed by Tricendent and its principals. Records show that Tricendent and its named members are associated with several other companies, including:

- **Edge Adjusting Services, LLC**
- **Guardian Contractors Network, LLC**
- **Ascendant Contracting Group, LLC**

Individuals such as John McCully and Kimberly Haas are managers at these affiliated companies. The Court must be informed whether any of these entities, or other unnamed individuals, are also members of Tricendent. The citizenship of every single member, whether an individual or a legal entity, must be on the record. NARS's disclosure is silent on this crucial point, leaving a jurisdictional black hole.

## 3. The Disclosure Omits the Critical Role of Global Risk Holdings (GRH), a Likely Parent or Affiliate.

Rule 7.1 requires the disclosure of **any** parent corporation. NARS's statement completely omits any mention of **Global Risk Holdings ("GRH")**, an entity with a clear and significant historical and likely ongoing relationship with NARS.

- **2008 Acquisition:** It is a matter of public record that GRH acquired NARS in 2008. At the time, **Robert Ruryk**—the individual public records identify as a member of Tricendent was appointed Vice-President of GRH and President/COO of NARS.

5

**Supporting Evidence (News Articles):**

- Insurance Journal:
  https://www.insurancejournal.com/news/southeast/2008/03/12/88158.htm

  Property & Casualty 360:
- https://www.propertyandcasualty.com/doc/grh-acquires-north-american-risk-services-fro-0001

- **Potential Ongoing Control:** As also shown in my previous motion dated May 28, 2025, that was filed with the Court (Dkt 43), PitchBook profile for NARS, found here: https://pitchbook.com/profiles/company/125756-92 states it was acquired by Global Risk Holdings on April 10, 2020, and lists GRH as its current parent. While this may conflict with the claim that Tricendent is the *direct* parent, it strongly suggests a continuing ownership interest or control structure that must be disclosed.

The fact that a key member of Tricendent (Mr. Ruryk) was simultaneously an executive at both NARS and GRH following the 2008 acquisition is a powerful indicator of an ongoing affiliation. It is highly plausible that Tricendent is a subsidiary holding company established by GRH or its principals. NARS's failure to disclose its relationship with GRH whether as a grandparent corporation, an affiliate, or otherwise is a flagrant violation of Rule 7.1's transparency mandate.

**Why the Court Should Be Concerned**

This Court's subject-matter jurisdiction is a fundamental prerequisite to any action. An incomplete or inaccurate Rule 7.1 disclosure directly impedes the Court's ability to satisfy its "independent obligation to determine whether subject-matter jurisdiction exists." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). If even one undisclosed member of Tricendent, or a member of its parent/affiliate GRH, shares citizenship with the Plaintiff, diversity jurisdiction is destroyed.

Allowing this case to proceed on a potentially false jurisdictional premise risks a massive waste of judicial and party resources.

**Conclusion and Relief Requested**

WHEREFORE, for the foregoing reasons, I respectfully now moves this Honorable Court, and requesting that the Court to impose appropriate sanctions against Defendant, North American Risk Services, Inc., and other(s), if applicable, for failure to comply with this Court Order dated on June 3, 2025, and that the sanction(s) should include, as may be reasonable and just:

1. Monetary Penalties; and/or
2. Striking NARS answer; and/or
3. Finding Defendant NARS in Contempt
4. Grant such other and further relief as this Honorable Court deems just and proper.

Thank you for your time and consideration of this critical matter.

Dated: June 6, 2025
New York, Nork

Respectfully Submitted,

Brian Ng, Plaintiff, Pro Se
Church Street Station
P.O. Box 2723
New York, NY 10008
Tel: 646.820.9238

cc: All Counsel of Record By Pro Se Office (via ECF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

BRIAN NG

                Plaintiffs,

                                                                Civil **Case Action 1:25-cv-00806**

       -against-

AmGUARD INSURANCE COMPANY;
NORTH AMERICAN RISK SERVICES, INC;
EBERL CLAIMS SERVICES LLC.

                Defendants.
-------------------------------------------------------------------x

## CERTIFICATE OF SERVICE

I, Brian Ng, (Plaintiff, Pro Se) hereby certify and declare under penalty of perjury that on June 6, 2025, my Letter motion seeking the Court to impose appropriate sanction(s) for failure to comply with Court Order Dated June 3, 2025, have been submitted for filing by the pro se office electronically using the Court's Electronic Case Filing ("ECF") System, which sent a notice of filing activity to all attorney(s) of record. These documents are available for viewing and downloading from the Court's ECF System.

Dated: June 6, 2025
       New York, N.Y.

_____
Brian Ng
Church Street Station
P.O. Box 2723
New York, N.Y. 10008
Tel/Fax: 646-820-9238

CIVIL CASE#: 1:25-cv-00806

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK
U.S. COURTHOUSE, 500 PEARL STREET, NEW YORK, N.Y. 10007

---

BRIAN NG

Plaintiff,

-against-

AmGUARD INSURANCE COMPANY;
NORTH AMERICAN RISK SERVICES, INC;
EBERL CLAIMS SERVICES LLC.

Defendants

---

## PLAINTIFF'S LETTER MOTION
### SEEKING THE COURT TO IMPOSE APPROPRIATE SANCTIONS
### FOR FAILURE TO COMPLY WITH COURT ORDER DATED JUNE 3, 2025
### Filed on 06/06/2025

---

To the best of my knowledge, information and belief,
formed after an inquiry reasonable under the circumstances,
The presentation of these papers or the contentions therein
are not frivolous as defined in subsection (c) of section
130-1.1 of the Rules of the Chief Administrator (22NYCRR)

---

### SELF REPRESENTED LITIGANT INFORMATION
June 6, 2025

Sign Name: _____

Print Name: BRIAN NG

**Address:**
Church Street Station
P.O. Box 2723
New York, N.Y. 10008
Tel/Fax: 646.820.9238

**CIVIL CASE#: 1:25-cv-00806**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**U.S. COURTHOUSE, 500 PEARL STREET, NEW YORK, N.Y. 10007**

---

BRIAN NG

Plaintiff,

-against-

AmGUARD INSURANCE COMPANY;
NORTH AMERICAN RISK SERVICES, INC;
EBERL CLAIMS SERVICES LLC.

Defendants

---

# PLAINTIFF'S LETTER MOTION
### SEEKING THE COURT TO IMPOSE APPROPRIATE SANCTIONS
### FOR FAILURE TO COMPLY WITH COURT ORDER DATED JUNE 3, 2025
### Filed on 06/06/2025

---

To the best of my knowledge, information and belief,
formed after an inquiry reasonable under the circumstances,
The presentation of these papers or the contentions therein
are not frivolous as defined in subsection (c) of section
130-1.1 of the Rules of the Chief Administrator (22NYCRR)

---

**SELF REPRESENTED LITIGANT INFORMATION**

June 6, 2025

Sign Name: _[signature]_

Print Name: BRIAN NG

**Address:**
Church Street Station
P.O. Box 2723
New York, N.Y. 10008
Tel/Fax: 646.820.9238

Having considered Plaintiff's motion for sanctions against Defendant National American Risk Services, Inc. ("NARS") above, and NARS' opposition to the motion at Dkt. No. 58, the Court DENIES Plaintiff's motion. In relevant part, Fed. R. Civ. P. 7.1 requires that when an action is in federal court on the basis of diversity jurisdiction, a party must file a disclosure statement that "name[s]—and identif[ies] the citizenship of—every individual or entity whose citizenship is attributed to that party . . . ." Fed. R. Civ. P. 7.1(a)(2). The Court directed Defendant NARS to amend its corporate disclosure statement to provide the citizenship of the members of Tricendent Risk Holdings, LLC, its owner. (Dkt. No. 51). The Court in retrospect recognizes that this was not necessary as NARS itself is a corporation (not an LLC), and the citizenship of a corporation's owner generally is not attributable to its subsidiary for purposes of diversity. *See OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016) ("'[A] subsidiary corporation has its own principal place of business for purposes of diversity of citizenship jurisdiction, unless it is merely an 'alter ego' or agent of the parent corporation[.]'" (citation omitted)). Nonetheless, NARS complied with the Court's Order, and the Court finds its Amended Corporate Disclosure Statement at Dkt. No. 55 to be sufficient. Further, while the names of Tricendent's members listed in the Amended Corporate Disclosure Statement involve a typographical error as to one individual and use of a nickname as to the other, neither matter is a sanctionable offense. In addition, there is no basis in Rule 7.1 or otherwise for Plaintiff's demand that NARS disclose third-party affiliates of NARS and Tricendent. Therefore, Plaintiff's request for sanctions against NARS is wholly unwarranted.

Finally, Plaintiff is cautioned against overzealous filings that lack a reasonable basis in law or fact or seek relief that is plainly inappropriate. *See Jericho Grp. Ltd v. Mid-Town Dev. Ltd. P'ship*, 816 F. App'x 559, 564–65 (2d Cir. 2020) (warning *pro se* plaintiff that "the continued filing of duplicative, vexatious, or clearly meritless appeals, motions, or other papers could result in the imposition of a sanction"); (*see also* Dkt. Nos. 27 & 32).

SO ORDERED.

Dated:  New York, New York
       June 13, 2025

Gary Stein
United States Magistrate Judge
Southern District of New York