UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
                        :

BRIAN NG,                         :

                    Plaintiff,    :                        25-CV-0806 (VSB)

          -against-        :

                         :                        **ORDER**

AMGUARD INSURANCE COMPANY, *et al.*,    :

                  Defendants.  :
---------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      The Court is in receipt of Defendant Eberl's letter filed on October 27, 2025.  (Doc. 93.)
In this letter, Defendant Eberl requests that the Court: "(a) deem[] Eberl's motion to dismiss
Plaintiff's First Amended Complaint as moot without prejudice to refile a new motion to dismiss
Plaintiff's Second Amended Complaint, (b) permit[] Eberl to file a new motion to dismiss
Plaintiff's Second Amended Complaint on or before October 31, 2025, and (c) vacat[e] the
Clerk's Certificate of Default as to Eberl."  (*Id.* at 2.)

      Defendant Eberl's first two requests are hereby GRANTED.  The Clerk of Court is
respectfully directed to close the motion filed at Doc. 65.  Defendant Eberl is permitted to file a
new motion to dismiss on or before October 31, 2025.

      Defendant's third request refers to the Clerk's Certificate of Default, which was entered
against Defendants Eberl and North American Risk Services ("NARS") on October 23, 2025 for
both parties' failure to timely respond to Plaintiff's Second Amended Complaint, served on
October 3, 2025.  (Doc. 90.)  "After entry of default, the defaulting party may move to set the
entry aside for good cause shown pursuant to Fed.R.Civ.P. 55(c)."  *Canfield v. VSH Rest. Corp.*,

162 F.R.D. 431, 433 (N.D.N.Y. 1995) (internal citations omitted). "A showing of good cause is evaluated by three factors, comprised of '(1) the willfulness of the default; (2) the existence of any meritorious defense; and (3) prejudice to the non-defaulting party.'" *United States v. Veeraswamy*, 765 F. Supp. 3d 168, 187 (citing *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Const.*, 779 F.3d 182, 186 (2d Cir. 2015); *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)). Although "the 'good cause' standard of Rule 55(c) 'should be construed generously,'" *U.S. Commodity Futures Trading Comm'n v. LaMarco*, No. 17-cv-4087, 2022 WL 18859042, at *3 (E.D.N.Y. Dec. 27, 2022) (quoting *SEC v. Patel*, No. 21-cv-994, 2022 WL 2704099, at *4 (D. Conn. July 12, 2022)), and there does not appear to be any willfulness, meritorious defense, or prejudice present here, in the interests of judicial efficiency and fairness, I will consider any briefing from Defendant NARS or Plaintiff Ng before ruling on Defendant Eberl's request to vacate the Clerk's Default Judgment.

It is hereby ORDERED that Plaintiff Ng and Defendant NARS will file their position, if any, on the vacatur of the Clerk's Default Judgment by November 4, 2025.

Dated: October 28, 2025
New York, New York

Vernon S. Broderick
United States District Judge