**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
BRIAN NG,

                    Plaintiff,

          -against-

AMGUARD INSURANCE COMPANY, *et al.*,

                  Defendants.
----------------------------------------------------------------X

             **25 Civ. 806 (VSB) (GS)**

             **<u>ORDER</u>**

**GARY STEIN, United States Magistrate Judge:**

      On February 17, 2026, Plaintiff filed a motion for leave to file a Fourth Amended Complaint (Dkt. No. 130), which this Court denied after briefing from all Defendants on February 23, 2026.  (Dkt. No. 135).  On March 3, 2026, Plaintiff filed a motion for reconsideration of the Court's February 23 Order.  (Dkt. No. 137).  The following day, Defendant AmGuard Insurance Company ("Amguard") filed its opposition.  (Dkt. No. 138).  Plaintiff's motion is **DENIED**.

      For many of the reasons outlined in Amguard's opposition, the Court does not find that Plaintiff has demonstrated circumstances justifying reconsideration.  Plaintiff, despite allegedly suffering from "total physical collapse" from November 2025 through February 2026 (Dkt. No. 137 ¶ 1.3), filed no less than nine substantive motions or responses on the docket during this period, including his requests for leave to file a Third Amended Complaint and Fourth Amended Complaint.  (Dkt. Nos. 96–98, 102, 107, 111, 118, 121, 130).  At no time did Plaintiff indicate that he was suffering from medical difficulties which hindered his ability to adequately participate in this case.

Moreover, Plaintiff first received Defendants Amguard and Eberl Claim Services LLCs' motions to dismiss in October 2025, prior to the health complications Plaintiff relies on here.  He filed his oppositions to those motions on November 3, 2025.  (Dkt. Nos. 97 & 98).  As explained in the Court's February 23 Order, "Plaintiff could have and should have addressed any concerns about his vicarious liability claims in response to Amguard and Eberl's motions to dismiss" (Dkt. No. 135 at 2).  Plaintiff does not even allege, let alone provide any proof, that his health complications began prior to his November 3 filings or impeded his preparation of those filings.

The Court further notes that Plaintiff still has not submitted an opposition brief to Defendant North American Risk Services, Inc.'s ("NARS") motion for judgment on the pleadings (Dkt. No. 113), even though Plaintiff's opposition was due on February 24, 2026.  The Court's February 23 Order invited Plaintiff to request an extension of time for his opposition, but to date Plaintiff has not submitted an extension request, despite being able to prepare and file his motion to reconsideration in the interim.  In light of Plaintiff's recent health difficulties as alleged, the Court will give Plaintiff another opportunity to submit his opposition brief to NARS's motion rather than treat the motion as unopposed.  In the absence of any extension request, and given Plaintiff's representation that he "is now undergoing stabilized treatment and is capable of proceeding," the Court *sua sponte* extends Plaintiff's deadline for filing his opposition brief to NARS's motion to Thursday, March 19, 2026.  However, Plaintiff is hereby warned that a failure to meet this deadline, or submit a timely request for extension, will result in NARS's motion being treated as unopposed.

**SO ORDERED.**

DATED:      New York, New York
               March 4, 2026

_____
The Honorable Gary Stein
United States Magistrate Judge